UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYNETTE SPARROW** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-1516-HGB-SS** |
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** | |

## REPORT AND RECOMMENDATION

For the reasons described below it is recommended that: (a) the motion of Richard H. Barker, IV ("Barker") for withdrawal of funds from the registry of the Court be granted in part and denied in part; (b) Barker be permitted to withdraw $25,600; and (c) Joseph M. Bruno ("Bruno") be permitted to withdraw $6,400.00.

## BACKGROUND

Lynette Sparrow ("Sparrow") made a claim for damages from Hurricane Katrina against Allstate Property and Casualty Insurance Company ("Allstate"). On April 2, 2008, the parties concluded a settlement and the case was dismissed. Rec. docs. 20 and 21. More than a year later Barker deposited $32,000 into the registry of the Court. He reported that Bruno made a demand on him for the fee and he requested resolution of the fee dispute. Rec. doc. 22. He was ordered to file a motion to withdraw with notice to Bruno. Rec. doc. 24. Barker submitted a settlement statement which reveals the following:

| | |
|---|---|
| Net amount to Sparrow | $28,388.11 |
| Road Home payment | 16,256.39 |
| Court costs | 375.00 |

| | |
|---|---|
| LAGO & Branch expert fees | 1,500.00 |
| Kelly & Assoc. expert deposition | 230.50 |
| Bruno expert fees | 1,250.00 |
| Attorney fee in dispute | 32,000.00 |
| | _____ |
| Total settlement proceeds | $80,000.00 |

## BARKER'S ARGUMENT

Barker contends that: (1) he was retained by Sparrow on January 9, 2007; (2) on April 2, 2007, he filed a complaint on her behalf; (3) counsel for Allstate advised him that Bruno also represented Sparrow; (4) Sparrow told him that: (a) she completed a form online at Bruno's website; (b) when she signed a March 5, 2007 contract with Bruno, she believed she hired him for a levee breach claim against the Corps of Engineers; (c) she never met or spoke with Bruno or anyone from his firm; and (d) she hired Barker to represent her on her homeowner's claims; (5) Sparrow signed a discharge letter which was sent to Bruno via facsimile and U.S. Postal Service; and (6) Barker litigated Sparrow's claim and negotiated a settlement. Barker contends that Bruno did not do any discrete work on behalf of Sparrow, and all of Bruno's activities were on behalf a large group of claimants which were included in a suit seeking certification as a class action. He requests that he be allowed to withdraw the entirety of the $32,000.

## BRUNO'S ARGUMENT

Bruno contends that: (1) on March 5, 2007, Sparrow signed a contract with him; (2) an adjuster retained by him evaluated her claim; (3) the adjuster contacted Sparrow and discussed the claim with her; (4) Bruno submitted a supplemental proof of loss to Allstate; (5) he requested

additional information from Sparrow for her contents and additional living expense claims; (6) his work on claims against the Corps of Engineers was handled separately from homeowners' claims; (7) Sparrow's claim was included in Abadie v. Aegis, 07-5112; (8) Sparrow benefitted from the work in Abadie v. Aegis; (9) Bruno communicated with Allstate concerning Sparrow's claims; (10) when he learned that Barker filed suit on behalf of Sparrow and settlement discussions were scheduled between Allstate and Barker, he agreed to let Allstate discuss settlement directly with Barker; and (11) he did not receive a letter from Sparrow revoking the representation.[1]

## **ANALYSIS**

It is undisputed that: (1) on January 9, 2007, Sparrow signed a contract with Barker and other attorneys for her claims arising out of Hurricanes Katrina and Rita (Rec. doc. 25 (Exhibit A)); (2) on April 2, 2007, Barker filed a complaint on behalf of Sparrow (Rec. doc. 1); and (3) Allstate answered the complaint on April 23, 2007 (Rec. doc. 3). There is a letter dated September 12, 2007, signed by Sparrow and addressed to Bruno which reports her representation by Barker and her understanding of Bruno's limited representation of her interest in the Corps of Engineers litigation. Rec. doc. 25(Exhibit D). Although it indicates that it was sent via facsimile to Bruno, there is no transmittal page reflecting Bruno's receipt of the letter. Instead there is an August 27, 2009 affidavit by Akimbly Butler reporting that on September 12, 2007, she forwarded the letter to Bruno via facsimile and the U.S. Postal Service. Rec. doc. 25 (Exhibit F). While this is evidence of transmittal, it is not conclusive. If Barker saw the need to have Sparrow send a "discharge" letter

---

[1] Bruno raised the issue of settlement discussions with Barker to which Barker replied. This included discussion regarding the division of the fee among attorneys, David Bernberg and Michael Enow, who appeared with Barker on the contract with Sparrow. These reports on attempts to settle the fee dispute are of no use to the undersigned.

3

to Bruno, he should have seen the need to obtain inconvertible proof of delivery of the letter. The need for such evidence is demonstrated by Bruno's denial of receipt of the letter.

The record also demonstrates that Barker participated in: (a) a June 16, 2007 preliminary conference to schedule the case for trial; (b) a February 26, 2008 a telephone status conference with the District Judge; (c) telephone settlement conferences with the undersigned on March 4 and 25, 2008; and (e) and follow-up telephone conversations which resulted in a settlement on April 2, 2008. Barker did not submit any contemporaneous billing records demonstrating the amount of time spent by him on these or any other activities in pursuit of Sparrow's claim. Considering that by no later than September 12, 2007 Barker was aware of the possibility of a claim by Bruno, it is surprising that he did not document his time.

Sparrow signed a contract with Bruno on March 5, 2007. Rec. doc. 26 (Exhibit A). Bruno hired an adjuster, Full Scope Services, LLC, to work on Sparrow's claims. The adjuster prepared a review sheet and supporting schedules and was paid $1,250.00. Rec. doc. 26 (Exhibits B-F). Bruno was reimbursed for this expense from the settlement funds. Rec. doc. 25 (Exhibit E). On March 28, 2007, Bruno presented a settlement demand to Allstate on behalf of Sparrow. Rec. doc. 26 (Exhibit F). Bruno did not submit any contemporaneous billing records in support of the activities he contends were performed in pursuit of Sparrow's claim. Considering his knowledge of Barker's contract with Sparrow, it also is surprising that he did not document his time.

Bruno refers to Abadie v. Aegis, 07-5112. This was not a discrete claim on behalf of Sparrow but instead sought certification as a class action. On February 9, 2007, District Judge Duval dismissed the "mass joinder" cases without prejudice.

Although Barker and Bruno filed a total of four memoranda, there is no citation to any legal

4

authority. The competing claims will be resolved on a *quantum meruit* basis because: (1) it is undisputed that Sparrow signed contracts with both Barker and Bruno; (2) there is evidence that Barker and Bruno both performed services in furtherance of Sparrow's claim; (3) Barker performed services on behalf Sparrow after learning that she had signed a contract with Bruno; and (4) Bruno acquiesced in Barker's continued representation of Sparrow after he learned that Sparrow had signed a contract with Barker on the condition that the settlement draft include him as a payee. With *quantum merit*, "the fee should be apportioned according to the respective services and contributions of each attorney, as well as any other relevant factors." Hebert v. State Farm Ins. Co., 588 So.2d 1150, 1152 (La.App. 1st Cir.1991).

Both Barker and Bruno gathered information to support Sparrow's claims for property damages. They both report seeking information from Sparrow for her claims for damages to contents and additional living expenses. Sparrow's Katrina claims did not present unusual issues. Allstate filed a motion for partial summary judgment but it was dismissed by the District Judge *sua sponte* as untimely. Barker did not file an opposition. It is not clear that Sparrow's claim was advanced by Abadie v. Aegis. Since Hurricane Katrina, the undersigned has mediated hundreds of claims similar to Sparrow's claim. Based on that experience and the record, the undersigned finds that an appropriate apportionment of the fee for the respective services and contributions of each attorney, as well other relevant factors, is twenty percent or $6,400.00 for Bruno and eighty percent or $25,600.00 for Barker.

**RECOMMENDATION**

IT IS RECOMMENDED that: (1) Barker's motion to withdraw of funds from the registry of the Court (Rec. doc. 25) be granted in part and denied in part; (2) Barker be permitted to withdraw

5

$25,600.00; and (3) Bruno be permitted to withdraw $6,400.00.[2]

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 15th day of October, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[2] Barker's motion has been resolved on a report and recommendation because an order by a District Judge is required to withdraw funds from the registry of the Court.